UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | |
| Plaintiff, | 3:16-cv-00501-RCJ-WGC |
| vs. | |
| WOODLAND VILLAGE et al., | ORDER |
| Defendants. | |

This case arises from a residential foreclosure by the Woodland Village Homeowners Association ("Woodland Village" or "HOA") for failure to pay HOA fees. Pending before the Court is Defendant Woodland Village's Motion to Dismiss. (ECF No. 19.) For the reasons given herein, the Court grants the Motion.

I.     FACTS AND PROCEDURAL BACKGROUND

In 2006, non-party homeowners obtained a $212,672 mortgage loan to purchase property located at 17655 Little Peak Court, Cold Springs, Nevada 89508 (the "Property"). Plaintiff U.S. Bank ("Plaintiff") acquired the note and Deed of Trust ("DOT") by Corporate Assignment of Deed of Trust recorded July 24, 2009. (Mot. Dismiss 2, ECF No. 19.)

On February 17, 2010, as a result of the homeowners' failure to pay HOA fees, the HOA recorded a lien for delinquent assessment. (Compl. ¶ 16, ECF No. 1.) The HOA later foreclosed, and on February 10, 2011, the HOA acquired the Property with a credit bid of $5,562.25, which

the HOA claims to be the total sum of "unpaid assessments and permitted costs, fees and expenses incident to the enforcement of its lien . . . ." (Mot. Dismiss 2, ECF No. 19.) The deed of sale was recorded on February 10, 2011. Subsequently, the HOA transferred its interest in the Property to Defendant Westland Real Estate Development and Investments ("Westland") by way of quitclaim deed recorded April 30, 2013. (Compl. ¶ 27.) Westland then transferred its interest in the Property to Defendant Thunder Properties Corp. ("Thunder") by way of quitclaim deed recorded August 26, 2013. (*Id.* at ¶ 28.) The chain of title indicates that Thunder is the current owner of the Property.

On August 25, 2016, Plaintiff brought this action for quiet title and declaratory relief, violation of NRS 116.1113, wrongful foreclosure, and injunctive relief. Woodland Village now moves the Court to dismiss the claims asserted against it.

## II.   MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

#### a.   Statute of Limitations

The Court generally agrees with the HOA that Plaintiff's claims are time-barred. The HOA argues that a five-year statute of limitations applies to Plaintiff's quiet title claim, and that a three-year statute of limitations applies to claims for violation of NRS 116.1113 and wrongful foreclosure. The HOA additionally argues that the limitations period began running from the date of foreclosure. Plaintiff counters that its claims are subject to the six-year statute of limitations of NRS 11.190(1)(b) for actions based "upon a contract, obligation, or liability founded upon an instrument in writing," because its claims are aimed at "enforc[ing] the promises made in the HOA's CC&Rs." (Resp. 6, ECF No. 27.) Plaintiff also contends that, even if the three and five-year statutes are applicable, the limitations period has not yet begun to run, because it has not yet been "legally established that Plaintiff's mortgage did not survive foreclosure," and therefore Plaintiff has not yet suffered any injury.

#### i.   The applicable limitations periods for claims arising from the foreclosure sale began running at the time of foreclosure.

"In determining whether a statute of limitations has run against an action, the time must be computed from the day the cause of action accrued. A cause of action 'accrues' when a suit may be maintained thereon." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997) (internal citation omitted). "If the facts giving rise to the cause of action are matters of public record then '[t]he public record gave notice sufficient to start the statute of limitations running.'" *Job's Peak Ranch Cmty. Ass'n, Inc. v. Douglas Cty.*, No. 55572, 2015 WL 5056232, at *3 (Nev. Aug. 25, 2015) (quoting *Cumming v. San Bernardino Redev. Agency*, 101 Cal. App. 4th 1229, 125 Cal. Rptr. 2d

42, 46 (Ct. App. 2002)); *see also Allen v. Webb*, 485 P.2d 677, 684 (Nev. 1971) (Gunderson, J., concurring) (concluding that, where a written document regarding real property was not properly recorded, there was not proper notice of the conveyance of that property so as to trigger the statute of limitations period on a quiet title action).

Plaintiff's position that the statute of limitations period has not yet begun to run is contrary to Nevada law, and contrary to its own filing of this action. In Nevada, a cause of action accrues when a suit may be maintained thereon. Indeed, by filing this action, Plaintiff has asserted that its claim may now be maintained, essentially an admission that the limitations period began to run at some point prior to the filing of the Complaint. If Plaintiff believed that its action could not be maintained until after it had been "legally established that [its] mortgage did not survive foreclosure," it would not have brought this action when it did.

In reality, Plaintiff's interest in the Property was called into question at the time of the foreclosure sale due to NRS 116.3116(2), which gives priority to that portion of an HOA lien consisting solely of unpaid HOA assessments accrued during the "nine months immediately preceding institution of an action to enforce the lien." It is clear that Plaintiff could have brought its action to quiet title against the HOA at any time following the HOA's foreclosure sale, in order to obtain a declaration that the sale had not extinguished its interest in the Property. Similarly, Plaintiff could have asserted it claims for violation of NRS 116. 1113 and wrongful foreclosure as soon as it obtained facts to support a contention that the HOA's sale of the Property was improper. There is no indication in the Complaint that such facts were obtained any later than at the time of foreclosure. Therefore, the Court finds that the statutes of limitations applicable to Plaintiff's claims against the HOA began to run, at the latest, on the date of recordation of the foreclosure deed—February 10, 2011.

///

### ii. The quiet title claim is subject to a five-year statute of limitations.

In Nevada, the statute of limitations for quiet title claims is five years. *See* Nev. Rev. Stat. §§ 11.070, 11.080. Plaintiff brought this action more than five years after the foreclosure deed was recorded. Therefore, Plaintiff's quiet title claim against the HOA is time-barred, and is dismissed.

Following *Silverton v. Dep't of Treasury* and its progeny, the Court will also dismiss the quiet title claim against Phil Frink & Associates, Inc. ("Frink"), but declines to dismiss the quiet title claim against Westland and Thunder. 644 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants."). Westland and Thunder acquired their interest in the Property within the five-year statute of limitations period.

### iii. The claim for violation of NRS 116.1113 is subject to a three-year statute of limitations.

Plaintiff also alleges violations of NRS 116.1113, which states that "[e]very contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." This claim is based "upon a liability created by statute," Nev. Rev. Stat. § 11.190(3)(a); thus, the three-year statute of limitations applies. *See, e.g.*, *Bank of N.Y. Mellon Trust Co., N.A. v. Jentz*, No. 2:15-cv-01167-RCJ-CWH, 2016 WL 4487841, at *3 (D. Nev. Aug. 24, 2016); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *5 (D. Nev. Mar. 31, 2016); *HSBC Bank USA v. Park Ave. Homeowners' Ass'n*, No. 2:16-cv-460-JCM-NJK, 2016 WL 5842845, at *3 (D. Nev. Oct. 3, 2016). Plaintiff filed this action more than three years after the recordation of the foreclosure

deed. Therefore, Plaintiff's claim for violation of NRS 116.1113 is also time-barred, and is dismissed against both the HOA and Frink. *See Silverton*, 644 F.2d at 1345.

> iv. **The wrongful foreclosure claim may be subject to either a three-year or six-year statute of limitations.**

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). The Nevada Supreme Court has opined that "deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions, or restrictions applicable to residential property." *Id.* This is so because a wrongful foreclosure claim may lie where the HOA's foreclosure violated *either* (1) the statute giving the HOA authority to foreclose (i.e., NRS Chapter 116), *or* (2) the CC&Rs applicable to the foreclosed property. *See Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982) (finding no impropriety where "the lien foreclosure sale was conducted under authority of the CC&Rs and in compliance with NRS 107.080"). The procedural requirements of NRS Chapter 116 may not be waived in the CC&Rs "except as expressly provided in Chapter 116." *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014), *reh'g denied* (Oct. 16, 2014) (internal brackets and quotation marks omitted) (citing NRS 116.1104). Therefore, the CC&Rs may not ease the procedural requirements of Chapter 116, nor alter the statute's substantive effect. However, an HOA could theoretically comply with Chapter 116 and nonetheless fail to comply with supplementary or heightened procedural requirements contained in the CC&Rs. In such a case, no wrongful foreclosure claim would arise from statute, but may arise from the CC&Rs.

A wrongful foreclosure action based on an alleged failure to comply with Chapter 116 is subject to the three-year statute of limitations for claims based "upon a liability created by statute." Nev. Rev. Stat. § 11.190(3)(a); *see also Amber Hills II Homeowners Ass'n*, 2016 WL

1298108, at *5; *Park Ave. Homeowners' Ass'n*, 2016 WL 5842845, at *3. Therefore, to the extent Plaintiff alleged wrongful foreclosure based on the requirements of Chapter 116, this claim is dismissed because it was not brought within three years of the recordation of the foreclosure deed. This dismissal is applicable both to the HOA and Frink. *See Silverton*, 644 F.2d at 1345.

However, Plaintiff also asserts wrongful foreclosure on the basis that the HOA violated the terms of the CC&Rs. This claim is not based on an obligation created by a statute; rather, it arises from a "contract, obligation, or liability founded upon an instrument in writing." NRS § 11.190(1)(b). Therefore, to the extent Plaintiff's wrongful foreclosure claim is based on a violation of the CC&Rs, a six-year statute of limitations applies, and the claim is not time-barred.

### b.  Wrongful Foreclosure Arising from Violation of CC&Rs

Notwithstanding the timeliness of the claim, however, the Court finds that Plaintiff has failed to plead wrongful foreclosure with plausibility. The Complaint fails to identify any provision of the CC&Rs with which the HOA failed to comply in foreclosing on the Property. Plaintiff points only to a "security interest provision," which purports to subordinate the HOA's lien to any first recorded security interest. (Compl. ¶ 53, ECF No. 1.) Such "mortgage protection" provisions are legally ineffectual—the priority position of an HOA's super-priority lien cannot be waived by agreement. *See SFR Investments Pool 1*, 334 P.3d at 419 (2014). Moreover, the plain language of the provision does not impose any obligations on the HOA— such as pre-foreclosure notice requirements or mandatory waiting periods—or limit the HOA's right to foreclose on the full value of its lien.

A wrongful foreclosure action is a challenge to the authority to foreclose. Plaintiff has not identified any obligation under the CC&Rs that the HOA failed to satisfy in foreclosing on the

Property. Accordingly, Plaintiff has failed to state of plausible claim of wrongful foreclosure on the basis of the CC&Rs.

In addition, Plaintiff has failed to exhaust administrative remedies under NRS 38.310. *See McKnight*, 310 P.3d at 559 ("Wrongful foreclosure is a civil action subject to NRS 38.310's requirements . . . ."). Plaintiff alleges it submitted a demand for mediation to the Nevada Real Estate Division ("NRED"), but NRED failed to schedule a mediation in the time period required under NRS 38.330(1). Thus, Plaintiff argues it exhausted its administrative remedies prior to filing this action "or was excused from doing so." (Resp. 13, ECF No. 27.) Plaintiff fails to cite any authority in support of its argument. Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev. Rev. Stat. § 38.330(1). However, nothing in NRS 38.330 provides that NRED's failure to appoint a mediator within sixty days constitutes exhaustion. While Plaintiff has submitted a request for mediation, the parties have not participated in mediation. Thus, Plaintiff has not exhausted its administrative remedies and must mediate its wrongful foreclosure claim prior to initiating an action in court. *See  HSBC Bank Nat'l Ass'n v. Stratford Homeowners Ass'n*, No. 2:15-cv-01259-JAD-PAL, 2016 WL 3200106, at *2–3 (D. Nev. June 7, 2016) (finding submission of mediation request alone insufficient to exhaust under NRS 38.310); *Bank of America, N.A., v. Ann Losee Homeowners Ass'n*, 2:1-cv-407-JCM-CWH, 2016 WL 6122933, at *2–3 (D. Nev. Oct. 18, 2016) (same).

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 19) is GRANTED without prejudice. Plaintiff's quiet title claims against Westland and Thunder survive; all other claims are dismissed.

IT IS SO ORDERED December 6, 2016.

_____
ROBERT C. JONES
United States District Judge