# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff,

vs.

WOODLAND VILLAGE et al.,

    Defendants.

3:16-cv-00501-RCJ-WGC

**ORDER**

This case arises from a residential foreclosure by the Woodland Village Homeowners Association ("the HOA") for failure to pay HOA fees. Pending before the Court is Defendant Thunder Properties, Inc.'s ("Thunder") Motion to Dismiss, (ECF No. 39), and Plaintiff's Motion for Summary Judgment, (ECF No. 42).

## I. FACTS AND PROCEDURAL BACKGROUND

In 2006, non-party homeowners obtained a $212,672 mortgage loan to purchase property located at 17655 Little Peak Court, Cold Springs, Nevada 89508 (the "Property"). Plaintiff U.S. Bank ("Plaintiff") acquired the note and Deed of Trust ("DOT") by Corporate Assignment of Deed of Trust recorded July 24, 2009. (Compl. ¶ 15, ECF No. 1.)

On February 17, 2010, as a result of the homeowners' failure to pay HOA fees, the HOA recorded a lien for delinquent assessment. (*Id.* at ¶ 16.) The HOA later foreclosed, and on February 10, 2011, the HOA acquired the Property with a credit bid of $5,562.25. (*Id.* at ¶¶ 25–

26.) The deed of sale was recorded on February 10, 2011. Subsequently, the HOA transferred its interest in the Property to Defendant Westland Real Estate Development and Investments ("Westland") by way of quitclaim deed recorded April 30, 2013. (*Id.* at ¶ 27.) Westland then transferred its interest in the Property to Defendant Thunder by way of quitclaim deed recorded August 26, 2013. (*Id.* at ¶ 28.) The chain of title indicates that Thunder is the current owner of the Property.

On August 25, 2016, Plaintiff brought this action for quiet title and declaratory relief, violation of NRS 116.1113, wrongful foreclosure, and injunctive relief. On December 6, 2016, the Court dismissed all of Plaintiff's Complaint save its quiet title/declaratory judgment claim against Westland and Thunder. (Order, ECF No. 32.) Thunder now moves the Court to dismiss the remaining claim against it. (Mot. Dismiss, ECF No. 39.) Plaintiff also moves for summary judgment in its favor. (Mot. Summ. J., ECF No. 42.)

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in

the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.   ANALYSIS**

As the Court previously held in its order of dismissal on December 6, 2016, a five-year statute of limitations applies to Plaintiff's quiet title claims and the limitations period began to run at the time of the foreclosure sale. (Order 6, ECF No. 32.) *See also Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016) (emphasis added) ("Under Nevada law, Spencer could have brought claims challenging the HOA foreclosure sale *within five years of the sale*."); *Scott v. Mortg. Elec. Registration Sys., Inc.*, 605 F. App'x 598, 600 (9th Cir. 2015); *Bank of Am., N.A. v. Antelope Homeowners' Ass'n*, No. 2:16-cv-449, 2017 WL 421652, at *3 (D. Nev. Jan. 30, 2017) (Mahan, J.); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433, 2016 WL 1298108, at *3 (D. Nev. Mar. 31, 2016) (Gordon, J.). The Court dismissed the quiet title claim with respect to Defendants the HOA and Phil Frink, but declined to dismiss the claim against Westland and Thunder because they had not moved for dismissal and they acquired their interest in the Property within the five-year statute of limitations period.

It is clear from the Complaint that Plaintiff alleges no independent defect in the assignments to Westland and Thunder other than the invalidity of the underlying HOA foreclosure sale. Therefore, because Plaintiff seeks to quiet title in itself on the basis of the sale, which took place more than five years prior to the filing of the Complaint, its claim is time-barred. A contrary ruling would defeat the purpose of the statute of limitations, essentially "restarting" the running of the statute each time a subsequent assignment of the Property was recorded. As the Court noted in its prior order, Plaintiff's interest in the Property was called into question at the time of the foreclosure sale due to NRS 116.3116(2), which gives priority to that portion of an HOA lien consisting solely of unpaid HOA assessments accrued during the "nine

months immediately preceding institution of an action to enforce the lien." A foreclosure deed was recorded on February 10, 2011, and clearly stated that the grantee had purchased all right, title, and interest of the current vested owner. Plaintiff could have brought its action to quiet title against the HOA at any time following the HOA's foreclosure sale, in order to obtain a declaration that the sale had not extinguished its interest in the Property.

Therefore, the Court will dismiss Plaintiff's quiet title claim as pled against Westland and Thunder. The claim for injunctive relief is also dismissed as moot.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 39) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 42) is DENIED as moot.

The Clerk of the Court shall enter judgment against Plaintiff and close the case.

IT IS SO ORDERED. June 14, 2017

_____
ROBERT C. JONES
United States District Judge