UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES 2006-BC4,<br><br>Plaintiff,<br><br>v.<br><br>WESTLAND REAL ESTATE DEVELOPMENT AND INVESTMENTS, *et al.*,<br><br>Defendants. | Case No. 3:16-cv-00501-MMD-CSD<br><br>ORDER |

Plaintiff U.S. Bank National Association, as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC4 sued Defendants Westland Real Estate Development and Investments, Thunder Properties Inc., and Phil Frink & Associates, Inc.,[1] bringing a single claim for quiet title to establish that a deed of trust ("DOT") that was allegedly assigned to Plaintiff continues to encumber the property commonly known as 17655 Little Peak Court, Cold Springs, Nevada 89508 (the "Property") following a homeowners' association foreclosure sale held back in 2011. (ECF No. 1.) In reviewing the pending motions (ECF Nos. 91, 92, 93, 101, 104), the Court noticed a potential issue going to Plaintiff's standing. Because the Court is "required sua sponte to examine jurisdictional issues such as standing[,]" *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) (citation omitted), and as further

---

[1] Phil Frink & Associates, Inc. was apparently served (ECF No. 33) but never appeared or participated in the pending briefing. Westland Real Estate Development and Investments disclaimed any interest in the Property. (ECF No. 37.) So Thunder is the only Defendant who has been actively participating in the pending briefing.

explained below, the Court will order Plaintiff to show cause why it has standing to prosecute this action.

Plaintiff alleges that the DOT was assigned to it by National City Bank f/k/a National City Bank of Indiana in an assignment recorded with the Washoe County Recorder as Instrument No. 3850376. (ECF No. 1 at 4.) No copy of this assignment is attached to Plaintiff's Complaint. Similarly, in its pending motion for summary judgment, Plaintiff states that, "[t]hrough a series of assignments, US Bank became beneficiary of the deed of trust in July 2009." (ECF No. 91 at 3.) This sentence is followed by a citation to Plaintiff's Exhibit 2. (*Id.*) However, Plaintiff's Exhibit 2 contains only one assignment, not two—and the only assignment is from Integrity 1st Financial, LLC to National City Bank of Indiana. (ECF No. 91-2.) The assignment from National City Bank of Indiana to Plaintiff is missing from the exhibit. (*Id.*) This prompted the Court to search for the document referenced in the Complaint, Instrument No. 3850376 (ECF No. 1 at 4), on the Washoe County Recorder's Office's website to see if the Court could instead take judicial notice of the assignment apparently missing from the exhibit. *See, e.g.*, *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 967 n.1 (9th Cir. 2017) (taking judicial notice in pertinent part of "publicly-recorded documents"). However, this search revealed that the document with Instrument No. 3850376 is the Notice of Delinquent Assessment and Claim of Lein [sic] Homeowners Association signed by Gayle A. Kern, Esq. and dated February 16, 2010. *See Washoe Country Recorder's Office*, Document Search and Copies for Document # 3850376 (Last Accessed June 25, 2024), https://icris.washoecounty.us/ssrecorder/document/DOC366S6523?search=DOCSEARCH1503S1; *see also* https://perma.cc/2GQM-XHC3 (archived copy). Said otherwise, Instrument No. 3850376 does not establish that Plaintiff was ever assigned the DOT. And while Amy Bernal, an Assistant Vice President for Bank of America, N.A. swore in 2022 that "U.S. Bank has been the beneficiary of record of the deed of trust since July 24, 2009[,]" this representation is not supported any evidence, is contradicted by the missing evidence described above, and the Court is skeptical that she would have personal

knowledge of Plaintiff's ownership of the repayment rights embodied in the DOT in any event. (ECF No. 91-3 at 3.)

In sum, the Court cannot definitively say that Plaintiff was ever assigned the DOT, and therefore cannot definitively say that Plaintiff has standing to prosecute this case. *Cf. Carrington Mortg. Servs., LLC v. Cactus Springs at Fairfax Vill. Homeowners Ass'n*, 814 F. App'x 315, 316 (9th Cir. 2020) (finding the plaintiff "had standing to bring a quiet title action because it was assigned the deed of trust.") (citing *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 260 (Nev. 2012)). The Court cannot resolve the various issues raised in the pending motions unless and until it is satisfied Plaintiff has standing. *See United States v. Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997) ("the jurisdictional issue of standing can be raised at any time, including by the court *sua sponte*.") (citation omitted).

It is therefore ordered that Plaintiff must show cause, in writing (no more than five pages excluding exhibits), within 14 days, why and how it has standing to prosecute this case.

It is further ordered that Thunder Properties may file a response to Plaintiff's show cause response (also limited to no more than five pages excluding exhibits) within seven days of Plaintiff's filing. No reply will be permitted. The Court may set a hearing after reviewing both responses.

DATED THIS 25th Day of June 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3