UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES 2006-BC4,<br><br>Plaintiff,<br><br>v.<br><br>WESTLAND REAL ESTATE DEVELOPMENT AND INVESTMENTS, *et al.*,<br><br>Defendants. | Case No. 3:16-cv-00501-MMD-CSD<br><br>ORDER |

**I.   SUMMARY**

Plaintiff U.S. Bank National Association, as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC4 sued Defendants Westland Real Estate Development and Investments,[1] Thunder Properties Inc., and Phil Frink & Associates, Inc.,[2] bringing in pertinent part a claim for

---

[1] Westland Real Estate Development and Investments filed a disclaimer of any interest in the Property. (ECF No. 37.) In it, Westland requests to be dismissed from this case. (*Id.*) Westland also states that it has no interest in the Property because it sold its interest to Thunder. (*Id.*) No other parties have objected to Westland's request for dismissal from this case. The Court accordingly grants it. The Court alternatively finds this is the correct course of action because Plaintiff's only remaining claim is for quiet title and Westland's un-objected-to disclaimer of interest means that Westland's participation in this case is no longer required.

[2] Phil Frink & Associates, Inc. was apparently served by publication (ECF No. 33) but never appeared, answered, or participated in the briefing resolved by this order. Thunder represents that Phil Frink was deceased and his business discontinued by the time Plaintiff filed its Complaint in this case. (ECF No. 100 at 11.) Plaintiff notes this statement in its reply. (ECF No. 105 at 12.) Neither side represents that Frink has an interest in the Property. And Plaintiff's sole remaining claim is for quiet title. (ECF No. 91 at 1.) For these reasons, and because this order otherwise resolves this case, the Court dismisses Defendant Phil Frink & Associates, Inc. from this case without prejudice.

quiet title to establish that a deed of trust ("DOT")[3] that was later assigned to Plaintiff continues to encumber the property commonly known as 17655 Little Peak Court, Cold Springs, Nevada 89508 (the "Property") following a homeowners' association foreclosure sale held back in 2011 (the "HOA Sale"). (ECF No. 1.) Before the Court is Plaintiff's motion for summary judgment (ECF No. 91 ("Motion")), along with several related motions in which Plaintiff seeks to limit further discovery (ECF Nos. 92, 93), and Thunder seeks further discovery on its untenable legal theory that the DOT was extinguished by operation of NRS § 106.240 (ECF Nos. 101, 104).[4] As further explained below, the Court will grant Plaintiff summary judgment on its single remaining claim for quiet title based on its excused tender argument, explain why Thunder's argument based on NRS § 106.240 is not viable, and resolve the various discovery motions accordingly.

## II.   BACKGROUND

The Court first describes the pertinent, undisputed facts, and then briefly recounts this case's procedural history.

Bryan and Michelle Rodriguez ("Borrowers") purchased the Property back in 2006, financing the purchase with a $212,672 loan secured by the DOT, which matures in 2036. (ECF No. 91-1.) As noted above, Plaintiff became the beneficiary of the DOT in 2009 following a series of assignments. (ECF No. 124 (finding after an evidentiary hearing that Plaintiff had standing to bring the claims it brought in this case because it became the beneficiary of the DOT through a series of assignments).)[5] The Property is subject to the Woodland Village Association ("HOA")'s Covenants, Conditions, and Restrictions. (ECF No. 91-4.) The Borrowers fell behind on their HOA dues, and the HOA's collection agent,

---

[3] Recorded with the Washoe County Recorder as Instrument No. 3394269. (ECF No. 91-1 at 2.)

[4] The Court also reviewed the responses and replies to these motions that have been filed as of the date of entry of this order. (ECF Nos. 100, 105, 106, 107, 108, 109, 110.)

[5] There were some gaps in the chain of title, so the Court ordered supplemental briefing and ultimately held an evidentiary hearing where Plaintiff established its standing because it was assigned the rights to the DOT. (ECF Nos. 111, 112, 113, 114, 115, 116, 124.)

Gayle A. Kern, Ltd, recorded a notice of delinquent assessment and claim of a homeowners' association lien. (ECF No. 91-5.) Frink subsequently filed another notice of delinquent assessment (ECF No. 91-9), and later a notice of default and election to sell the Property (ECF No. 91-10).

The HOA Sale happened in February 2011. (ECF No. 91-13.) At the HOA Sale, the HOA sold the Property to itself through Frink and Kern for $5,562.25. (*Id.*) The HOA then conveyed the Property to Westland Real Estate Development via quit claim deed in April 2013. (ECF No. 91-15.) Westland later sold its interest in the Property to Thunder for $7000 in August 2013. (ECF Nos. 91-16, 91-17 at 7.)

Plaintiff filed this case in August 2016. (ECF No. 1.) United States District Judge Robert C. Jones was initially assigned the case and granted Thunder's motion to dismiss on statute of limitations grounds in June 2017. (ECF No. 45.) Plaintiff appealed (ECF No. 47), and the United States Court of Appeals for the Ninth Circuit reversed and remanded the dismissal based on the statute of limitations in February 2022 (ECF No. 52). After the mandate issued, Judge Jones held several status conferences and ultimately set a new case schedule providing that the parties could file new motions for summary judgment by October 2022. (ECF Nos. 59, 61.) Judge Jones later extended that deadline to July 2024. (ECF No. 87.) Plaintiff timely filed its Motion towards the end of March 2024. (ECF No. 91.)

This case was reassigned to the Court from Judge Jones in May 2024. (ECF Nos. 98, 99.) Upon initial review of the Motion and the related pending motions, the Court discovered a potential standing issue related to gaps in Plaintiff's proffered chain of title. (ECF No. 111.) The Court held a hearing as to standing on August 21, 2024. (ECF No. 124.) At the conclusion of that hearing, the Court both found Plaintiff had standing to prosecute this case and stated it would issue a separate, written order resolving the pending motions. (*Id.*) This is that order.

///

///

## III.   DISCUSSION

The Court first explains why Plaintiff is entitled to summary judgment on its quiet title claim based on its excused tender argument, and then explains why Thunder is not entitled to any further discovery regarding its argument based on NRS § 106.240. These decisions render Plaintiff's requests to limit or stay discovery moot.

### A.   Excused Tender

Plaintiff argues that it would have tendered had Frink or Kern sent it notice that Borrowers had fallen behind on their dues and the HOA intended to foreclose, but they did not, and further argues that it was not required to tender under the excused tender doctrine because Kern had a policy of rejecting attempted tenders at the time of the HOA Sale, which Plaintiff's servicer at the time, Bank of America, N.A. ("BANA"), knew about. (ECF No. 91 at 8-13.) Plaintiff further argues that the Court should equitably set aside the HOA Sale in part because Plaintiff never received notice of it. (*Id.* at 10-11.) Thunder counters that a dispute of fact exists as to whether Frink mailed the required notices to Plaintiff because of an invoice regarding the Property from Frink to Kern in evidence that includes a postage charge, suggesting he may have mailed the required notices, and because Plaintiff did not present evidence that Frink relied on the document Plaintiff proffers to show Frink did not mail notice to Plaintiff. (ECF No. 100 at 10-13.)

As to Plaintiff's excused tender argument, Thunder counters that Plaintiff did not present evidence as to Frink's practices—which are more pertinent than Kern's—and thus has not shown it is entitled to summary judgment on this argument. (*Id.* at 13-16.) Plaintiff points to other evidence in reply tending to show that Kern's practices are the pertinent ones to consider, but alternatively argues Frink would have rejected tender as well. (ECF No. 105 at 4-7.) The Court agrees with Thunder on the notice and prejudice argument—along with the corresponding argument that the Court should equitably set aside the sale—but agrees with Plaintiff on its excused tender argument. This agreement is dispositive.

///

4

The Court begins with Plaintiff's notice and prejudice argument. Because a lienholder such as Plaintiff cannot tender if it never receives notice of a homeowners' association sale, such a sale is void if the homeowners' association does not mail notice of the sale to a lienholder, and the lienholder is prejudiced. (ECF No. 91 at 8-10.) *See also U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d 442, 446-48 (Nev. 2019) (explaining the notice-prejudice rule and how its application may render a homeowners' association sale void). Plaintiff argues it never received notice of the HOA Sale: (1) because the mailing list of a litigation guarantee document Frink prepared on the HOA's behalf did not include Plaintiff; (2) Plaintiff's corporate representative testified it had no record of having received notice of the HOA Sale; and (3) a corporate representative for BANA (again, the servicer at the time) also testified it has no record of having received notice of the HOA Sale.[6] (ECF No. 91 at 9.)

Between the response and the reply to the Motion, it is undisputed that neither Plaintiff nor BANA received notice of the foreclosure sale (ECF Nos. 100 at 10-13, 105 at 3-4); Thunder instead focuses its responsive argument on whether Frink ever mailed out the notice (ECF No. 100 at 10-13). The Court agrees with Thunder there is a genuine dispute of material fact as to this issue. Specifically, to establish that Frink did not mail notice of the HOA Sale to Plaintiff, Plaintiff (as noted) points to a mailing list attached to a litigation guarantee issued in April 2010 that does not include Plaintiff. (ECF No. 91 at 9 (citing ECF No. 91-11)); *see also* ECF No. 91-11 at 2-3 (including the date and listing Frink as the assured).) But Thunder persuasively responds that Plaintiff does not combine this evidence with any other evidence tending to show Frink relied on this document to decide who to mail notices of the HOA Sale to, and points out that it is dated April 2010, not close to the February 2011 HOA Sale. (ECF No. 100 at 10-12.) This litigation guarantee document does not accordingly meet Plaintiff's initial burden to show there is

---

[6]Plaintiff also argues this evidence shows prejudice—and indeed cites one other piece of evidence going to prejudice—but the Court does not reach prejudice here because it determines there is a genuine dispute of material fact as to notice. (ECF No. 91 at 9.)

5

no genuine dispute that Frink did not mail notice of the HOA Sale to Plaintiff. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) (stating that the moving party bears the initial burden of showing that there are no genuine issues of material fact).

And even if it did, Thunder points to another piece of evidence creating a genuine dispute of material fact that Plaintiff does not address in reply. (ECF Nos. 100 at 11-12, 105 at 3-4.) It is a statement of charges from Frink to Kern (in her capacity as attorney for the HOA) from July 2010 including $77.74 in postage charges and includes the notations, 'Rodriguez: 17655 Little Peak Ct,' and 'notice of default.' (ECF No. 100-13 at 2.) Drawing all inferences in Thunder's favor as the nonmoving party, the Court infers from this that Frink mailed something out regarding default on the Property on Kern and the HOA's behalf, and Plaintiff could have been one of the intended recipients of the mailing. (*Id.*) *See also Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (explaining that a court must draw all inferences in the light most favorable to the nonmoving party) (citation omitted). The Court thus concludes that more development of the evidentiary record would be necessary before the Court could find that Frink did not mail notice of the HOA Sale to Plaintiff.

The Court accordingly declines to grant Plaintiff summary judgment based on its notice plus prejudice argument. (ECF No. 91 at 8-10.) And because Plaintiff's argument that the Court should equitably set aside the HOA Sale, in turn, depends on the purported lack of notice, the Court declines to grant Plaintiff summary judgment on its quiet title claim based on that argument as well. (*Id.* at 10-11.)

That brings the Court to Plaintiff's excused tender argument. (*Id.* at 11-13.) "[T]he excused tender doctrine applies when two conditions are satisfied: (1) the homeowners' association agent had a 'known policy of rejecting any payment for less than the full lien amount[;]' and (2) 'Miles Bauer and the Bank had knowledge of this business practice[.]'" *Nationstar Mortg., LLC v. Sahara Sunrise Homeowners Ass'n*, Case No. 2:15-cv-01597-MMD-NJK, 2023 WL 5017237, at *3 (D. Nev. Aug. 3, 2023) (quoting *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 351 (Nev. 2020)). To support its argument

that this doctrine applies here, Plaintiff proffers evidence that Kern had a policy of rejecting superpriority tenders at the pertinent time, and both BANA and its counsel, Miles Bauer, were aware of it—albeit from other cases and correspondence involving other properties. (ECF No. 91 at 11-13.) Thunder counters this argument by attacking Plaintiff's proffered evidence, primarily contending that Frink's practices matter—not Kern's as Plaintiff argues—because Frink was more involved with sending out the notices regarding the HOA Sale than Kern was. (ECF No. 100 at 13-16.) As noted, the Court agrees with Plaintiff.

To start, the Court may rely "on trial testimony in unrelated cases to reach its holding." *Bank of Am., N.A. v. Lakeview Owners' Ass'n*, No. 20-16626, 2021 WL 5359580, at *1 (9th Cir. Nov. 17, 2021). The Court accordingly rejects Thunder's argument that evidence not specific to the Property is irrelevant. (ECF No. 100 at 15-16.) And indeed, evidence about other properties can—and does—show Kern's practices and BANA's knowledge of them at the time of the HOA Sale. Specifically, at the time of the HOA Sale in February 2011, BANA's predecessor-in-interest BAC Home Loans Servicing, L.P. serviced the DOT. (ECF No. 91-3 at 3-4.) BAC's practice at the time was to retain Miles Bauer to attempt to pay off the superpriority portion of the lien at issue in the HOA Sale, though there is no evidence in BANA's records that BAC did in this specific case. (*Id.* at 3-4.) Rock Jung worked for Miles Bauer at the time, and in the course of attempting to tender many times, he learned that Kern did not accept any tenders Miles Bauer presented. (ECF No. 91-24.) Thus, if Miles Bauer had attempted to tender as to the Property in a manner consistent with the way they did at the time, Kern would have rejected it. (ECF No. 91-23 at 65-67; *see also* ECF No. 91-22 at 16-17 (rejecting tender sent by Miles Bauer even though Miles Bauer sent the tender to Frink).) The Court accordingly finds the excused tender doctrine applies here.

Thunder's primary argument to the contrary—that Frick's practices matter instead of Kern's—is unpersuasive. (ECF No. 100 at 14-15.) Indeed, Plaintiff proffers evidence establishing that Kern retained Frink to mail out notices in the foreclosure proceeding

7

leading up to the HOA Sale, but Kern was the entity who rejected tenders. (ECF Nos. 91-24 at 3 ("To my knowledge, Kern uniformly rejected checks that were delivered by Miles Bauer with its standard accompanying letter to Kern or Frink and always refused to accept payment of 9 months in satisfaction of the super priority portion of the lien."), 91-12 at 18 (requesting that Frink prepare notice of default and election to sell and indicating to return correspondence to Kern), 38 (Kern accepting partial tender from homeowner), 40 (rejecting partial tender from homeowner because the check did not clear, further reflecting that Kern was responsible for tender).) This evidence is consistent with the Court's understanding of the relationship between Kern and Frink during the pertinent time from other cases the Court has presided over. *See Carisbrook Asset Holding Tr. v. SFR Invs. Pool 1, LLC*, No. 3:17-cv-00370-MMD-WGC, 2020 WL 2549946, at *1 (D. Nev. May 19, 2020) (describing how Frink sent the notice, Miles Bauer wrote back to attempt to tender, and Kern wrote back to Miles Bauer refusing the tender offer); *Bank of Am., N.A. v. Silver Terrace II Landscape Maint. Ass'n*, No. 3:16-cv-00714-MMD-WGC, 2020 WL 1491090, at *1 (D. Nev. Mar. 27, 2020) (same). And as noted above, Kern had a policy at the time of rejecting tenders from Miles Bauer.

The Court accordingly finds Plaintiff entitled to summary judgment on its quiet title claim based on its excused tender argument, and Plaintiff's Motion is granted to that extent.

**B.    NRS § 106.240**

Thunder seeks to expand discovery based on its argument that Plaintiff's DOT has been extinguished by operation of NRS § 106.240—that the DOT was extinguished ten years after August 12, 2009, the date Plaintiff's predecessor-in-interest scheduled a foreclosure sale that never took place.[7] (ECF No. 101 at 17-25; *see also* ECF No. 104 at 2-3.) But this argument has been rejected by the Nevada Supreme Court. *See LV Debt Collect, LLC v. Bank of New York Mellon as Tr. for Certificateholders of CWMBS, Inc.,*

---

[7]Borrowers also stopped paying on their mortgage when they fell behind on their HOA dues, prompting the initiation of foreclosure proceedings. (ECF Nos. 91-6, 91-7, 91-8)

8

*CHL Mortg. Pass-Through Tr. 2005-02, Mortg. Pass-Through Certificates, Series 2005-02*, 534 P.3d 693, 699 (Nev. 2023) (finding that "recording a Notice of Default" does not "render a loan wholly due" under NRS § 106.240); *Posner v. U.S. Bank Nat'l Ass'n as Tr. for MASTR Asset Backed Sec. Tr. 2006-HE1, Mortg. Pass Through Certificates, Series 2006-HE1*, 545 P.3d 1150, 1151 (Nev. 2024) ("instituting judicial foreclosure proceedings likewise does not trigger the 10-year time frame"). And "[i]n a diversity case, the published decisions of the Nevada Supreme Court bind federal courts as to the substance of Nevada law." *U.S. Bank, N.A., Tr. for Banc of Am. Funding Corp. Mortg. Pass-Through Certificates, Series 2005-F v. White Horse Ests. Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021) (citation omitted). *Posner*, 545 P.3d 1150, accordingly forecloses Thunder's NRS § 106.240 argument. It would thus be futile to allow Thunder any more discovery based on this statutory provision. The Court denies Thunder's motions seeking more discovery. (ECF Nos. 101, 104.)

Because the Court denies Thunder's discovery motions and finds that Plaintiff is entitled to summary judgment on its quiet title claim, *see supra*, the Court denies Plaintiff's motions seeking to stay or limit discovery (ECF Nos. 92, 93) as moot. Indeed, the Court declares that the DOT continues to encumber the Property. This order resolves this case.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 91) is granted.

It is further ordered that the DOT (recorded with the Washoe County Recorder as Instrument No. 3394269 and later assigned to Plaintiff) continues to encumber the Property.

///

It is further ordered that Plaintiff's motion for protective order (ECF No. 92) is denied as moot.

It is further ordered that Plaintiff's motion to stay discovery (ECF No. 93) is denied as moot.

It is further ordered that Thunder's counter motion for Rule 56(d) discovery (ECF No. 101) is denied.

It is further ordered that Thunder's motion regarding discovery dispute (ECF No. 104) is denied.

It is further ordered that that Defendants Westland Real Estate Development and Investments and Phil Frink & Associates, Inc. are dismissed from this case without prejudice.

It is further ordered that the Clerk of Court is directed to enter judgment accordingly—in Plaintiff's favor—and close this case.

DATED THIS 10th Day of December 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE